UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STEVEN KAPLAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 17 C 3385 |
| v. | ) ) | Magistrate Judge M. David Weisman |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Steven Kaplan brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying his application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff applied for disability benefits on January 15, 2013, alleging a disability onset date of June 1, 2010. (R. 69-70.) His application was initially denied on July 3, 2013, and again on reconsideration on February 24, 2014. (R. 68, 77.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on October 1, 2015. (R. 23-67.) On December 23, 2015, the ALJ issued a decision finding plaintiff not disabled. (R. 104-12.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date to September 30, 2015, his date last insured ("DLI"). (R. 106.) At step two, the ALJ found that, through his DLI, plaintiff had the severe impairments of "degenerative disc disease of lumbar spine, asthma, and obesity." (*Id.*) At step three, the ALJ found that, through his DLI, plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 109.) At step four, the ALJ found that, through his DLI, plaintiff was capable of performing his past relevant work ("PRW") as an estimator and project manager "as actually and generally performed" and thus was not disabled:

> . . . [Plaintiff's] work as an estimator was sedentary and skilled with an SVP [specific vocational preparation][1] of seven both as classified in the DOT [Dictionary of Occupational Titles] and as he performed it. His job as a project manager was also both sedentary and skilled with an SVP of eight both in the DOT and as performed. His job as a superintendent required the performance of light work and was also skilled with an SVP of seven both in the DOT and as performed.
>
> The vocational expert . . . testified that with the [RFC determined by the ALJ] the claimant could perform his past relevant work as an estimator and project manager. The undersigned adopts this testimony and finds the claimant can perform these jobs.

(R. 111.)

Plaintiff says the evidence showed that his PRW was not that of an estimator, a project manager, or a superintendent, but a job that was a composite of the three. A composite job is one that has "significant elements of two or more occupations and as such, ha[s] no counterpart in the DOT." Social Security Administration, Program Operations Manual System, DI 25005.020B,

---

[1] "Specific Vocational Preparation ["SVP"] is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, App'x C, § II, *available at* https://occupationalinfo.org/appendxc_1.html#II (last visited Feb. 23, 2018). An SVP of seven is "[o]ver 2 years up to and including 4 years." *Id.* An SVP of eight is "[o]ver 4 years up to and including 10 years." *Id.*

*available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 (last visited Feb. 23, 2018). "PRW may be a composite job if it takes multiple DOT occupations to locate the main duties of the PRW as described by the claimant." *Id.*

Plaintiff and the vocational expert ("VE") both testified that the jobs of estimator, project manager, and superintendent could be separate. (R. 39-42, 60.) But the VE said small companies may combine the three, and plaintiff, whose testimony controls, *see* SSR 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982) ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work."), said that is what his employers did. (R. 39-42, 60.)

Despite this uncontradicted evidence, however, the ALJ did not assess whether plaintiff had the RFC to perform his PRW as plaintiff had actually performed it. (*See* R. 34, 39 (plaintiff's testimony that his PRW required him to go to job sites, "climb[] scaffolding, stairs [and] fire escapes," "take measurements, and then figure out labor costs, production rates, and come up with a price").) Instead, the ALJ analyzed whether plaintiff could work as an estimator, project manager, and superintendent, as those jobs are defined by the DOT. (*See* R. 111.) Because the record establishes that plaintiff's PRW was not one of these jobs as defined by the DOT, the ALJ's conclusion that, as of plaintiff's DLI, he had the RFC to perform his PRW was error.[2]

Plaintiff also takes issue with the ALJ's credibility determination/symptom evaluation,[3] which is, indeed, confusing on its face: "[T]he undersigned finds that the claimant testified in a

---

[2] This is not, as the Commissioner contends, an untimely challenge to the VE's testimony. The VE testified, in essence, that plaintiff's PRW was a composite job; the ALJ did not, however, analyze it that way.
[3] The Commissioner has issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an

4

generally credible manner but he cannot be found credible in contending that he is and has been disabled." (R. 110.) The ALJ does not explain this self-contradictory statement or, though he is required to do so, "discuss[] . . . why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Plaintiff testified that he has difficulty standing, bending, lifting, climbing stairs, and walking for any distance (R. 34-35, 45, 47-49), yet the ALJ did not say which, if any, of these alleged limitations is supported or contradicted by the medical evidence.

Moreover, the reasons the ALJ offered for discrediting plaintiff's testimony are unsound. For instance, the ALJ deemed plaintiff incredible because he left his last job for nonmedical reasons, received unemployment benefits, and continued to look for work thereafter. However, the Seventh Circuit has repeatedly stated that the fact that a person works, attempts to work, or certifies that he is able to work does not necessarily mean that he is not disabled. *See, e.g., Richards v. Astrue*, 370 F. App'x 727, 732 (7th Cir. 2010) ("Although we have noted that a claimant's representations in seeking unemployment benefits may be relevant in assessing the credibility of her representations to the SSA . . . .[,] [a] desperate person might force herself to work—or in this case, certify that she is able to work—but that does not necessarily mean she is not disabled."); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) ("A person can be totally disabled for purposes of entitlement to social security benefits even if, because of an indulgent employer or circumstances of desperation, he is in fact working."); *Henderson v. Barnhart*, 349 F.3d 434, 435 (7th Cir. 2003) ("[T]he fact that a person holds down a job doesn't prove that he isn't disabled, because he may have a careless or indulgent employer or be working beyond his

---

examination of an individual's character." *See* SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). However, the factors to be considered in evaluating symptoms under either SSR 96-7p or SSR 16-3p are the same. *Compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), at *3, *with* SSR 16-3p, 2017 WL 5180304, at *7-8 (Oct. 25, 2017).

capacity out of desperation."). Further, the ALJ deemed plaintiff incredible because "the impetus behind his disability application" was to increase the amount of benefits he receives. (R. 110.) But every claimant seeks benefits for monetary gain. If that fact is sufficient to nullify a claimant's testimony, none would ever receive benefits. *See Gossett v. Chater*, 947 F. Supp. 1272, 1280 (S.D. Ind. 1996) ("[A claimant's monetary interest] is simply not an adequate . . . reason for a finding of lack of credibility, as it would be equally applicable to ALL social security claimants.") (emphasis in original). Finally, the ALJ said that plaintiff's "activities of daily life do not support the limitations alleged" without any citations to the record, which in any event, shows that plaintiff is unable to do laundry, can only carry a gallon of milk and walk for five minutes, and can dress himself but "not [in] the normal way." (R. 45, 47-50.) In short, the ALJ's credibility determination/symptom evaluation is flawed and must be revisited.

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [25], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**            **ENTERED: March 8, 2018**

_____
**M. David Weisman**
**United States Magistrate Judge**